# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed August 21, 1906.

JOHN S. GITTINGS ET AL.
VS.
MARYLAND TRUST COMPANY.

DOBLER, J.—

John S. Alexander was interested in certain shares of stock of the Vera Cruz and Pacific Railroad Company by reason of his connection with Alfred Bishop Mason. This connection had been made known to the Maryland Trust Company.

The Trust Company, according to the testimony of Mr. Alexander, had undertaken to keep the latter posted as to any distribution of profits to Mason, and as to material changes in the working out of the enterprise in which Mason and the Trust Company were engaged.

In 1901, without notice to Alexander, the shares in question had gotten into the possession of Mason, but the same were subsequently secured by the Trust Company from Mason, and were held, together with all the other stock and securities of the railroad (in accordance with the provisions of the arrangement between Alexander and Mason), under the terms of the Agreement and Declaration of Trust, dated March 14th, 1902. As part of the consideration for the recovery of the stock which Mason has acquired and which the Trust Company needed, among other purposes, to restore all equities therein so far as the Trust Company and Alexander were concerned, a claim of $55,000, alleged by Mason to have been for money advanced by him at various times was admitted to participate, pari passu, with money advanced and to be advanced by the Trust Company towards the building and completion of the railroad, in the event of the sale of the road or its securities.

Whilst the Trust Company was in the hands of a receiver, and when it was desirable that the stock and bonds of the Railroad Company should be sold without delay, Mr. John S. Alexander purposed to intervene in this suit to assert his claim to a share of the stock of the said company. In order to prevent delay and to facilitate the most advantageous disposition of the property, an agreement was entered into between the receiver of the Trust Company and said Alexander, with the approval of the court, which culminated in the contract dated April 20, 1904.

John S. Alexander thereby released to the receiver all his claim to interest, ownership or title to any of the stock of the Railroad Company, and the receiver for the Trust Company assigned to Alexander all of Alfred Bishop Mason's indebtedness to it for over payments, etc., and stipulated in effect that Alexander should receive in cash a sum equal to whatever credits against his indebtedness Mason would be entitled under the terms of the agreement of March 14, 1902. No interest in Mason's claim

under said agreement, as such was assigned or guaranteed to Alexander. The Trust Company was made a quasi garnishee of Mason's funds, if any, in its hands, to be condemned and to be awarded to Alexander, its assignee, in case he should establish his claim thereto.

The sale of the railroad's stock and securities was made and the proceeds brought into court for distribution. When the Auditor's Report and the testimony taken before him were returned exceptions were filed by the several parties interested. The Trust Company (which had been placed in the hands of a receiver on account of the losses incurred by reason of its venture with Alfred Bishop Mason) having been extricated from insolvency and been enabled to resume control of its affairs, called the attention of the court to the fact that Mason's claim for $55,000 was, by the proof before the Auditor, shown to be fictitious. It asked that the contracts of March 14, 1902, and April 20, 1904, be strictly construed with respect to that claim. The court upon consideration of the various exceptions and relying in a measure upon the testimony of Mr. Alexander, came to the conclusion that said claim was entirely invalid. Of its own motion it rejected the claim in toto.

The effect of this action of the court was disappointing to Mr. Alexander and different from what was anticipated by those participating in the negotiations with Mason and with Alexander.

Thereupon, Mr. Alexander, on the 29th of June last, filed a petition to have the auditor's report and account remanded, with leave to take further testimony to show the circumstances under which he acted in entering into the contract of April 20, 1904; asserting that the Maryland Trust Company should now be estopped from disputing in any manner the validity of Alfred Bishop Mason's claim set forth in the agreement of March 14, 1902. Even now, it must be remembered, Mr. Alexander, does not contend that Mason's claim was valid, nor that he himself ever had any claim either against the Trust Company or to the stock in question except as the same might represent his share in the ultimate profits of the enterprise in which Mason, as his associate, and the Maryland Trust Company were engaged. By the terms of the agreement with the receiver, not only every dollar to which Mason, his partner, might be rightfully entitled from the Trust Company, but also every dollar that Mason had wrongfully obtained therefrom since March 14th, 1902, was, so far as possible, turned over to Mr. Alexander, that he might realize all he could be entitled to in any accounting between himself and his associate.

He can equitably ask for no more. There is no allegation of bad faith, nor of concealment, nor of fraudulent misrepresentation by or for the Trust Company in the negotiations set forth in this application.

If all the facts mentioned in the petition filed June 29, 1906, were fully substantiated by proof they would not make out a case to justify the allowance of Alfred Bishop Mason's invalid claim to the end that his partner may receive it.

The petition of John S. Alexander filed June 29, 1906, will, therefore, be dismissed, and it is so ordered this 21st day of August, 1906.